UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. DIAZ,<br>            Petitioner,<br>    v.<br>TOM FELKER, warden,<br>            Respondent.<br>_____ / | No. C 08-4744 SI (pr)<br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Charles A. Diaz, an inmate at the High Desert State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application and motion for appointment of counsel also are before the court for review.

## BACKGROUND

Diaz's petition provides the following information: Diaz was convicted in Mendocino County Superior Court of first degree murder and conspiracy to obstruct justice. He was sentenced on June 10, 2004, to 29 years to life in prison. He appealed. His murder conviction was affirmed and his conspiracy conviction was reversed in 2005 by the California Court of Appeal. His petition for review was denied by the California Supreme Court in 2007. He did not seek collateral relief in state court before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts ten claims: (1) the pre-indictment delay violated Diaz's right to due process; (2) his right to due process was violated because the evidence was insufficient to corroborate the accomplices' testimony, (3) the admission of hearsay evidence violated his Confrontation Clause rights, (4) the admission of evidence of unrelated crimes committed by other members of a motorcycle club violated due process, (5) restrictions on cross-examination of witness Charles Haas violated Diaz's rights to confront witnesses, present a defense and due process, (6) Diaz's right to due process was violated by spectator misconduct, (7) Diaz's rights to confront witnesses and due process were violated by the court's requirement that a separately-tried codefendant assert his Fifth Amendment rights in front of the jury, (8) admission of evidence of that codefendant's conviction of four murders violated Diaz's rights to a jury trial, confrontation and due process, (9) prosecutorial misconduct, and (10) cumulative error. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response.

Diaz has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S.

1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action. The motion for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 8, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 19, 2009**.

5. In light of the number of claims presented in the petition, the court will permit lengthy briefs and sets the following page limits: respondent's memorandum of points and authorities in support of the answer may not exceed 50 pages and petitioner's traverse may not exceed 40 pages.

6. Petitioner's motion for appointment of counsel is DENIED. (Docket # 2.)

7. Petitioner's in forma pauperis application is GRANTED. (Docket # 3.)

IT IS SO ORDERED.

DATED: March 2, 2009

_____
SUSAN ILLSTON
United States District Judge

3