UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DIAZ, | No. C 08-4744 SI (PR) |
| Petitioner, | **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| TOM FELKER, Warden, | |
| Respondent. | |

The Court denied the habeas petition filed in the above-titled action, declined to issue a certificate of appealability, and entered judgment in favor of respondent on August 30, 2010. On December 9, 2010, petitioner filed an untimely notice of appeal in the Ninth Circuit Court of Appeals. On January 28, 2011, the Ninth Circuit dismissed the appeal for lack of jurisdiction. The appellate court issued its mandate on February 3, 2011. On March 1, 2011, petitioner filed for a rehearing, which the Ninth Circuit denied on March 22, 2011. Petitioner now moves this Court pursuant to Federal Rule of Civil Procedure 60(b) to vacate the order denying the petition and the judgment and then to re-enter them so as to permit him to file a timely notice of appeal. (Docket No. 24.)  For the reasons described herein, petitioner's motion is DENIED on two grounds.

First, Federal Rule of Appellate Procedure 4(a)(6), explicitly sets time limits for filing a motion in the district court to reopen the time to appeal when a party did not receive notice of entry of judgment. That rule provides that the petitioner must have failed to receive notice of entry of judgment within 21 days after entry of judgment, and that the motion to reopen must be filed within 180 days after entry of judgment or within 14 days after the moving party receives notice of entry of judgment. Fed. R. App. P. 4(a)(6). Petitioner admits that he was first notified of the Court's judgment in November 2010 by his attorney.[1] However, the instant motion for relief was not filed until April 15, 2011, which is more than 14 days after November 30, 2010, and more than 180 days after the Court entered judgment. Because petitioner does not meet the standard of Rule 4(a)(6), there is no basis for relief.

Second, petitioner does not meet the requirements of Rule 60(b), which provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. No. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). "Rule 60(b) [ ] provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir.2004) (quoting Fed. R. Civ. P. 60(b)).

There are very limited circumstances in which the district court can vacate its prior judgment pursuant to a Rule 60(b) motion filed after the time to appeal has expired, as it has here, and re-enter judgment to permit the filing of a timely notice of appeal. *Rodgers v. Watt*, 722 F.2d 456, 458–59 (9th Cir.1983) (*en banc*). Relief under *Watt* is available only where the petitioner can demonstrate due diligence and excusable neglect, and then only where the

---

[1] Petitioner does specify what day in November 2010. Out of caution, the Court will assume that day to be the last day of that month, the 30th.

excusable neglect arose after expiration of the time to file a motion for extension of time to file an appeal under Fed. R. App. P. 4(a)(5); *Watt*, 722 F.2d at 459. However, "[w]hen relief from judgment is sought after the thirty day period allowed by Rule 4(a)(5), the applicability of the Rule 60(b)(1) excusable neglect standard may be questioned as being counter to the policy indicated by Rule 4(a)(5)'s time limitation." *Watt*, 722 F.2d at 459.

Petitioner alleges that the Court should grant his motion on grounds that he exercised due diligence and there was excusable neglect. Petitioner has shown neither. He alleges that he did not receive notice of the judgment because he "did not think to notify" his attorney or this Court of his change of address. When he finally did receive notice in November 2010, he failed to act diligently, and delayed filing anything with the Court until five months later, in April 2011. Such a record does not show due diligence or excusable neglect.

Petitioner contends that he was relying on his attorney, who was not representing him in his habeas action, but who was giving him legal advice. He relied on her to inform him when the Court issued its judgment, and what steps to take after. His assertion of reliance is flatly contradicted by his failure to inform his attorney or this Court of his change of address. His attorney admits that she failed to stay apprised of the case's progress. She had not communicated with petitioner "for almost a year at the time the District Court decision was issued" because she "was simply busy with other professional and personal matters and did not realize so much time had gone by while the case was inactive." She asserts that she relied on petitioner to notify her when the Court issued its decision, and that she also expected to find out through her "periodic checking of the Court's website." Petitioner's failure to stay in touch with his attorney and the Court, his attorney's failure to stay in contact with her client, and her failure to perform the most basic tasks required of an attorney, such as conducting simple research, are not evidence of due diligence or excusable neglect.

Relief under Rule 60(b)(6) requires a party to "show 'extraordinary circumstances,' suggesting that the party is faultless in the delay." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 393 (1993). Such relief "normally will not be granted unless the

3

moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). Petitioner has failed to show either.

Accordingly, the motion for relief from the judgment is DENIED. The Clerk shall terminate Docket No. 24.

**IT IS SO ORDERED**.

DATED: January 18, 2012

_____
SUSAN ILLSTON
United States District Judge